UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 30, 2024

LETTER TO ALL COUNSEL OF RECORD

Re: *Robin C. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
 Civil No. 23-1432-CDA

Dear Counsel:

On May 30, 2023, Plaintiff Robin C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 12, 14 & 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

 I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 6, 2016, alleging a disability onset of December 1, 2013, later amending the onset date to November 10, 2016. Tr. 312-28, 735. Plaintiff's claims were denied initially and on reconsideration. Tr. 117-18, 143-46. On February 7, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36-86. Following the hearing, on March 26, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12-35. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, thus, because Plaintiff exhausted all remedies, filed for judicial review within this Court on December 30, 2020, Tr. 865-72. On December 29, 2021, this Court remanded Plaintiff's case to the Commissioner, and the Appeals Council vacated the final decision, remanding to a separate ALJ for further proceedings. Tr. 889-91, 897-902. On February 21, 2023, a separate ALJ held a hearing to discuss Plaintiff's case,

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on May 30, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

Tr. 796-834, and on March 27, 2023, the ALJ found Plaintiff not disabled within the meaning of the SSA during the relevant time frame, Tr. 729-760. The second ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since November 10, 2016, the amended alleged onset date[.]" Tr. 735. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity; degenerative joint disease of the left knee; depressive disorder; anxiety disorder; posttraumatic stress disorder (PTSD); and hepatitis C[.]" Tr. 735. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "opioid use disorder, essential hypertension, and bilateral hearing loss[.]" Tr. 736. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 737. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Furthermore, she can only climb stairs and ramps occasionally. She cannot climb ropes, ladders, and scaffolds. She can perform kneeling, crouching, and crawling occasionally. She must avoid concentrated exposure to hazards such as heavy, dangerous machinery, and unprotected heights. She is limited to simple, routine, and repetitive tasks requiring only simple decisions with no work requiring a specific production rate, such as assembly line work or work that requires hourly quotas. She is capable of adapting to changes in the work environment, meaning changes in work responsibilities or workplace, which are explained in advance of implementation and implemented gradually over time. She can have no more that occasional contact with co- workers, and supervisors. She cannot have any contact with the general public.

Tr. 743. The ALJ determined that Plaintiff was unable to perform past relevant work as a Cleaner,

Housekeeping (DOT[3] #323.687-014) but could perform other jobs that existed in significant numbers in the national economy. Tr. 749. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 751.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two arguments on appeal. Plaintiff avers that (1) the ALJ's three-step determination is unsupported by substantial evidence and that (2) the ALJ failed to comply with the SSA regulations when weighing the opinion of Plaintiff's treating physician, Dr. Jack Blaine. ECF 12, at 7, 18. More specifically, Plaintiff avers that under the three-step determination, the ALJ failed to adequately explain the reasons for determining that Plaintiff's conditions did not meet or equal the requirements of Listings of Impairments (the "Listings") 12.04, 12.06, and 12.15. ECF 12, at 7. Defendant counters that the ALJ reasonably found that Plaintiff did not meet any of the mental listings and that substantial evidence supports the ALJ's findings with respect to Dr. Blaine's "overly restrictive opinion." ECF 14, at 6, 13.

This opinion focuses on Plaintiff's first argument that the ALJ erred by failing to conclude that Plaintiff met or equaled Listings 12.04, 12.06, and 12.15, as it is dispositive. The SSA's "Listing of Impairments" describes, "for each of the major body systems[,] [the] impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity[.]" 20 C.F.R. § 416.925(a). At step three of the sequential evaluation process, an ALJ determines whether a claimant has an "impairment[] that meets or equals" a listed impairment (a

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

"Listing"). 20 C.F.R. § 416.920(a)(4)(iii). If the ALJ finds that the claimant's impairment meets or equals a Listing, the ALJ must find that the claimant is disabled. *See id.*

Relevant to this case, Listings 12.04, 12.06, and 12.15 pertain to "Depressive, bipolar and related disorders," "Anxiety and obsessive-compulsive disorders," and "Trauma- and stressor-related disorders," respectively. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04, 12.06, 12.15. The criteria relevant to meeting or equaling each of these Listings is delineated in three separate sections ("Paragraphs") set forth at each Listing. The first Paragraph ("Paragraph A") requires documentation of certain medical criteria. *See id.* §§ 12.04A, 12.06A, 12.15A. The second Paragraph ("Paragraph B") is identical in all three Listings and requires the "[e]xtreme limitation of one, or marked limitation of two," of four "areas of mental functioning," which include: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* §§ 12.04B, 12.06B, 12.15B. The third Paragraph ("Paragraph C") is identical in all three Listings and requires a claimant's mental disorder to be "serious and persistent," meaning that the claimant must have "a medically documented history of the existence of the disorder over a period of at least 2 years," as well as:

1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes [a claimant's] symptoms and signs of [their] mental disorder (see 12.00G2b); and

2. Marginal adjustment, that is, [the claimant has] minimal capacity to adapt to changes in [their] environment or to demands that are not already part of [their] daily life (see 12.00G2c).

*Id.* §§ 12.04C, 12.06C, 12.15C. Listings 12.04, 12.06, and 12.15 can each be met or equaled by: (1) satisfying the respective Listings' Paragraph A and Paragraph B criteria or (2) satisfying the respective Listings' Paragraph A and Paragraph C criteria. *See id.* §§ 12.04, 12.06, 12.15.

Here, after determining that Plaintiff suffered from the severe mental impairments of depressive disorder, anxiety disorder, and PTSD, the ALJ examined whether Plaintiff's mental impairments met or medically equaled the criteria at Listings 12.04, 12.06, and 12.15. Tr. 738-43. With respect to the Listings' 'Paragraph B' criteria, the ALJ determined that because Plaintiff's mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the 'Paragraph B' criteria relevant to Listings 12.04, 12.06 and 12.15 were not satisfied. Tr. 742. Lastly, the ALJ considered whether the 'paragraph C' criteria of 12.04, 12.06, and 12.15 were satisfied. The ALJ found that the "record [did] not indicate that [Plaintiff's] mental disorders are 'serious and persistent;'" meaning Plaintiff did not have "a medically documented history of the existence of the disorder over a period of at least two years, with evidence of medical treatment, mental health therapy, psychosocial supports, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of her mental disorders[.]" Tr. 742. The ALJ continued that the record did "not indicate marginal adjustment, that is, she has more than minimal capacity to adapt to her changes in her environment or to demands that are not already part of her daily life[.]" Tr. 742.

On appeal, Plaintiff raises no objection to the ALJ's review of the Paragraph A or Paragraph B criteria of these Listings. *See* ECF 12, 7-18. Instead, she argues that the ALJ failed to adequately explain at step three why Plaintiff's mental impairments did not satisfy the Paragraph C criteria relevant to Listings 12.04, 12.06, or 12.15. *Id.* at 7. The Court agrees that the ALJ erred in assessing the 'Paragraph C' criteria of these Listings due to the insufficient discussion of the 'Paragraph C' criteria under Listings 12.04, 12.06, and 12.15.

To determine whether the ALJ's step-three findings are supported by substantial evidence, the Court reads the ALJ's decision "as a whole." *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (per curiam). Having done so, the Court finds that the ALJ erred by failing to explain why Paragraph C's criteria was not satisfied. The ALJ's decision contains multiple findings that appear to contradict their step-three conclusion. For instance, the ALJ noted that, in June of 2017, Plaintiff saw her treating provider who indicated Plaintiff had "generalized persistent anxiety" among other things. Tr. 739. This same report indicated her treating physician diagnosed Plaintiff with "severe depression" among other psychological disorders. Tr. 577. This finding appears to satisfy Paragraph C's medical documentation requirement. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04C, 12.06C, 12.15C.

The ALJ also noted that Plaintiff engaged in ongoing mental health treatment as early as 2017 continuing through 2023 and had oscillating psychological symptoms during a six-year period. Tr. 738-41. For example, the ALJ noted that Plaintiff "established care with a new provider in April 2018 and complained of anxiety[.]" Tr. 739. Plaintiff "taper[ed]" off her Xanax prescription by July 2018 but "sought outpatient mental health treatment from a different provider in August 2018" due to anxiety, angry outbursts, insomnia, chronic worry, and depression, among other things. Tr. 739. Plaintiff received medication and individual therapy during this time. *Id.* Plaintiff then underwent psychiatric evaluation for outpatient services in January 2019 and was recommended to participate in individual therapy and a psychiatric rehabilitation program. Tr. 740. By February 2019, Plaintiff "reported doing well with Zoloft" but then identified an exacerbation of her symptoms in June 2019 due to the death of her husband. *Id.* By September 2019, Plaintiff noted "she was doing fairly well[,]" however, in December 2019, "her mental health provider indicated [her] symptoms [] were chronic, severe, and required regular maintenance and treatment." *Id.* At this juncture, Plaintiff "was engaged in monthly psychotherapy, medication management, and community integration services[.]" *Id.* Plaintiff had ongoing psychiatric symptoms associated with her diagnoses, for multiple years, including receiving ongoing Psychiatric rehabilitation program ("PRP") services six times a month. Tr. 741. Given these findings—and absent any relevant explanation in the ALJ's decision—it is unclear how the ALJ found Plaintiff to lack "medical treatment[] . . . that is ongoing and that diminishes . . . symptoms and signs of" a mental disorder. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04C, 12.06C, 12.15C.

When "a fair amount of evidence [is] supportive" of a claimant's ability to satisfy a Listing's criteria, "[a] full explanation by the ALJ" of why the claimant does not meet or equal the Listing "is particularly important[.]" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Such an explanation is missing from the ALJ's decision. To be sure, the ALJ may ultimately determine

that the factual findings identified above do not satisfy Paragraph C's criteria. But the ALJ—not the Court—must make this determination in the first instance. *See id.* at 296. Because such a finding is the ALJ's to make, and because the ALJ provided no explicit analysis on the issue, the Court will not attempt to divine the ALJ's reasons for finding that Plaintiff could not satisfy Paragraph C's final criterion: a "[m]arginal" capacity to adapt to changes in environment or to the demands of daily life. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04C, 12.06C, 12.15C.

In sum, the decision's lack of explanation precludes the Court from determining whether substantial evidence supported the ALJ's step-three determination, so remand is warranted. On remand, the ALJ should "specific[ally] appl[y]" Listing criteria to the evidence of record and explain why that evidence does or does not support a finding that the Listings discussed above are met or equaled. *Radford*, 734 F.3d at 295. As the case is being remanded on step-three grounds, the Court need not address Plaintiff's other argument. The ALJ is welcome to consider that argument on remand and, if necessary, adjust its findings and analysis accordingly. In remanding for further analysis, I express no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.   CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge